[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#106)
The defendant states that the motion to dismiss should be granted because "the plaintiffs failed to include a return date on the writ of summons served on the defendant in violation of Connecticut General Statutes Sec. 52-45(a) . . . [and this] failure deprives the court of subject matter jurisdiction." "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46, n. 13, 668 A.2d 1314 (1995); Practice Book § 143, now Practice Book § 10-31(a)(1).
General Statutes § 52-45(a) provides, in pertinent part, that a "[c]ivil action shall be commenced by legal process consisting of a writ of summons . . . describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance." Despite this statutory requirement, the Supreme Court has held that the writ of summons "need not be technically perfect, and need not conform exactly to the form set out in the Practice Book." Hillman v. Greenwich,217 Conn. 520, 526, 587 A.2d 99 (1991). However, the court held that "the plaintiff's complaint must contain the basic information and direction normally included in a writ of summons." Id; Casper v.Lee, 239 Conn. 265, 273, n. 11, 684 A.2d 696 (1996).
In the present action, the defendant was made aware of the vital information. The only element missing was the return date. The defendant knew who was suing him, where he was being sued, and for what he was being sued.
Therefore, the defendant's motion to dismiss is denied and the plaintiffs' objection thereto is sustained.
HICKEY, J.